### HIRSCH et al. v. MILITARY–NAVAL CORPORATION.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

1. APPEAL AND ERROR (§ 127*)—APPEALABLE JUDGMENT—DEFAULT.

　　A judgment is not by default, as regards right to appeal, though defendant, his motion for adjournment for absence of a witness being denied, put in no defense, but only cross-examined plaintiff's witness.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. § 127.*]

2. INTERPLEADER (§ 8*)—RIGHT OF DEFENDANT.

　　Defendant, sued on coupons of its bonds, should be permitted to pay the amount thereof into court, and have interpleaded in its place F., who claims the amount thereof and is the owner, unless plaintiff is a bona fide purchaser from one to whom F. intrusted them.

　　[Ed. Note.—For other cases, see Interpleader, Cent. Dig. §§ 8, 9, 11; Dec. Dig. § 8.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles S. Hirsch and others, partners as Hirsch, Lilienthal & Co., against the Military-Naval Corporation. From a judgment for plaintiffs, defendant appeals, also bringing up for review an order denying its motion to interplead Edward Farrow in its place and stead, on its paying into court the amount claimed. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

T. H. S. Van Roden, of New York City (Milton Hart, of New York City, of counsel), for appellant.

Bernheim & Loewenthal, of New York City, for respondents.

GERARD, J. This action was brought by plaintiffs, who claimed to be the holders of ten bonds of the defendant corporation, to recover $250, the amount due on coupons detached from said bonds and past due. The defendant also states in its notice of appeal that it intends to bring up for review the denial of a motion, made by defendant, in which defendant asked to be permitted to pay the money into court and to interplead one Farrow in place of defendant.

[1] The first question to be determined is whether this judgment is appealable at all. The plaintiffs claim it is a judgment by default, and therefore not appealable. Defendant had asked an adjournment on the ground of the alleged absence of a witness, and put in no defense, although cross-examining plaintiffs' witness. The court said in one place, "It is a trial instead of a default;" and at another, "A default; judgment for plaintiffs;" and again, "Judgment for plaintiffs; five days' stay of execution granted by consent." It appears clearly that this was not a judgment by default.

[2] It was shown on the motion for interpleader that the bonds, the coupons of which were sued on, were originally issued by defendant to one Farrow; that Farrow had made a claim on defendant for the amount of the coupons, Farrow claiming that he had intrusted these bonds to one Novelly, who had agreed to return them in a week; that Novelly put up the bonds with plaintiffs, who were stockbrokers, as margin for a stock speculative account; and that Farrow, learning of this, and before plaintiffs had sold Novelly out, had notified them that there were a number of bonds "out on trust receipts, and such bonds manifestly cannot be sold."

Whether this constituted any notice to plaintiffs of any infirmity in Novelly's apparent title to a negotiable bond is a question that Farrow should be permitted to try out. It may well be that Farrow cannot succeed on such issue; but, at any rate, defendant should have been permitted to pay the amount of the coupons into court, and Farrow and plaintiffs could have then tried the title to the bonds.

Judgment reversed, and new trial ordered, with costs to appellant. Order denying motion for interpleader reversed, and Edward S. Farrow interpleaded in place of the defendant, on defendant's paying the amount of the coupons into court. All concur.